**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TONY M. HOWARD**                                                                          **PLAINTIFF**

**v.**                                                         **Civil Action No.:** <u>1:19cv543-LG-RHW</u>

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,**
**COMMISSIONER PELICIA E. HALL, IN HER**
**OFFICIAL CAPACITY, SOUTH MISSISSIPPI**
**CORRECTIONAL INSTITUTION, SUPERINTENDENT**
**JOE ERRINGTON, IN HIS OFFICIAL CAPACITY,**
**CAPTAIN SHENEICE EVANS, IN HER INDIVIDUAL**
**and OFFICIAL CAPACITY, DEPUTY WARDEN ANDREW**
**MILLS, IN HIS INDIVIDUAL and OFFICIAL CAPACITY,**
**CENTURION OF MISSISSIPPI, LLC, NURSE "JANE"**
**GREEN, IN HER INDIVIDUAL AND OFFICIAL**
**CAPACITY, and DETENTION OFFICER JOHN DOES**
**1-5, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**        **DEFENDANTS**

**AMENDED COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Tony M. Howard (hereinafter "Plaintiff"), by counsel, and files this his *Amended Complaint* against Mississippi Department of Corrections, Commissioner Pelicia E. Hall, In Her Official Capacity, South Mississippi Correctional Facility, Superintendent Joe Errington, In His Official Capacity, Captain Sheneice Evans, In Her Individual and Official Capacity, Deputy Warden Andrew Mills, In His Individual and Official Capacity, Centurion of Mississippi, LLC, Nurse "Jane" Green, In Her Individual and Official Capacity, and Detention Officer John Does 1-5, In Their Individual and Official Capacities (hereinafter "Defendant MDOC," "Defendant Comm. Hall," "Defendant SMCI," "Defendant Sup. Errington," "Defendant Cpt. Evans," "Defendant Dep. Warden Mills," "Defendant Centurion," "Defendant Nurse Green," "Defendant Does," or collectively "Defendants"), and would allege the following:

# PARTIES

1. Plaintiff is an adult resident of the State of Mississippi, housed at Rankin County Central Mississippi. At all times relevant herein, Plaintiff was housed at South Mississippi Correctional Institution.

2. Defendant MDOC is a governmental entity which may be served with process by service on Commissioner Pelicia E. Hall, located at 633 North State Street, Jackson, MS 39202. At all times herein, South Mississippi Correctional Institution is an was a state entity incorporated under MDOC.

3. Defendant Comm. Hall is an adult resident citizen of the State of Mississippi, and she may be served at her place of employment, located at 633 North State Street, Jackson, MS 39202.

4. Defendant SMCI is a state entity which may be served with process by service on its Superintendent Joe Errington, at 22689 Hwy 463 North, Leakesville, MS 39451.

5. Defendant Sup. Errington is an adult resident citizen of the State of Mississippi, employed as Superintendent at South Mississippi Correctional Institution, and he may be served with process at his place of employment, at 22689 Hwy 463 North, Leakesville, MS 39451.

6. Defendant Cpt. Evans is an adult resident citizen of the State of Mississippi, employed as Captain at South Mississippi Correctional Institution, and she may be served with process at her place of employment, at 22689 Hwy 463 North, Leakesville, MS 39451.

7. Defendant Deputy Warden Mills is an adult resident citizen of the State of Mississippi, employed as Deputy Warden at South Mississippi Correctional

Institution, and he may be served with process at his place of employment, at 22689 Hwy 463 North, Leakesville, MS 39451.

8. Defendant Centurion is a foreign corporation qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, C. T. Corporation System, at 645 Lakeland Drive East, Suite 101, Flowood, MS 39232. At all times herein, Centurion was a contract medical provider for SMCI.

9. Defendant Nurse Green is an adult resident citizen of the State of Mississippi, and she may be served with process at her place of employment, at SMCI, at 22689 Hwy 463 North, Leakesville, MS 39451.

10. Defendant Does are adult resident citizens of the State of Mississippi, whose identities and addresses are not currently known. Does may be served with process at their place of employment, located at 22689 Hwy 463, Leakesville, MS 39451.

## JURISDICTION and VENUE

11. This Court has jurisdiction over the subject matter herein pursuant to the provisions of §9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled and/or incorporated in Mississippi.

12. This Court has *in personam* jurisdiction over the Defendants in that all defendants are residents of or do business in Greene County, Mississippi.

13. Venue is proper in this Court pursuant to §11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Greene County, Mississippi.

14. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

**FACTS**

15. At all relevant times, the actions involved in this case are the result of the official policy of Defendants MDOC and SMCI, either of their implemented policy, or their gross negligence in failing to supervise their employees through their designees Commissioner Hall and Superintendent Errington, or the Commissioners and Superintendent's gross negligence in the operation of the prison.

16. This is a claim for negligence filed by Plaintiff that resulted in significant injuries to his person, on or about August 3, 2018 while he was an inmate of MDOC (South Mississippi Correctional Institution) housed in Unit 29.

17. On or about August 3, 2018, Plaintiff was intentionally set on fire with gasoline, a chemical mixture, and a cigarette light by another inmate (Albert Wilson MDOC# 43954). Plaintiff immediately began requesting medical assistance for his severe burns.

18. As a result of Defendants' failure to properly monitor the inmates at SMCI, Plaintiff was hospitalized for severe injuries. While at SMCI's medical facility, Plaintiff continued to experience indifference for his serious injuries. Defendant Nurse Green, a presumed employee of contract medical provider Centurion, refused to administer medications in a timely manner.

19. When Nurse Green finally provided the medications, she instructed Plaintiff to self-inject himself. Plaintiff endured verbal assault by Defendants, staff, as well as

Nurse Green. Defendants would share their personal opinions with Plaintiff concerning the subject incident which resulted in his hospitalization.

20. Plaintiff was later transported from Greene County Hospital to the Merit Health Central Hospital for evaluation of his injuries. Thereafter, he was sent to the State Penitentiary Unit 29. Today, Plaintiff is being housed at Rankin County Central Mississippi.

21. Defendants' failure to acquire the necessary training, and failure to inquire into the health conditions of detainees, and burn victims resulted in severe injuries to Plaintiff.

22. Due to the Defendants' apparent position/status, lack of concern and care, failure to screen and observe per their departments' policies and procedures, and failure to properly monitor the actions, well-being and safety of all detainees, Defendants failed to acknowledge and address Plaintiff's need for medical assistance.

23. As a result of the above negligent conduct, Defendants' behavior amounted to "deliberate and reckless indifference" to the medical needs required by the Plaintiff.

24. Defendants' deliberate and reckless indifference for Plaintiff's life caused his injuries and damages.

**COUNT ONE**
**INJUNCTION PROHIBITING FUTURE CONDUCT**
**OF A SIMILAR CHARACTER, KIND OR NATURE**

25. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

26. Plaintiff is entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, or nature as that demonstrated

and described in this complaint at any time in the future within the jurisdiction of this Court.

## COUNT TWO
## NEGLIGENCE/GROSS NEGLIGENCE

27. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

28. The Defendants, Cpt. Evans, Deputy Warden Mills, Nurse Green, and Detention Officer Does, were grossly negligent and/or acted in reckless disregard in failing to proper monitor inmates at SMCI and failing to adhere to Plaintiff's obvious need for medical attention. Defendants further acted grossly negligent and/or acted in reckless disregard in failing to protect Plaintiff and other similarly situated individuals.

29. As a direct and proximate result of the Defendants' negligence, grossly negligent, and/or reckless acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

31. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon his mind, spirit, and body. By condoning and/or ratifying the acts of the inmate involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

## COUNT FOUR

**NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE OFFICERS INVOVLED**

32. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

33. Defendants MDOC, Comm. Hall, SMCI, and Supt. Errington were grossly negligent and/or wanton in failing to monitor the actions of the Defendants Cpt. Evans, Deputy Warden Mills, and DO Does. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly monitor, protect, and timely provide medical assistance to Plaintiff and other similarly situated individuals. All Defendants negligently and/or wantonly failed to properly follow and/or apply their own facility's regulations, policies, and procedures, as well as state law generally. Defendants MDOC, Comm. Hall, SMCI, and Supt. Errington failed to properly train and supervise the actions of Defendants Cpt. Evans, Deputy Warden Mills, and DO Does.

34. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT FIVE**
**NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE NURSE INVOLVED**

35. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

36. Defendant Centurion was grossly negligent and/or wanton in failing to monitor the actions of the Defendant Nurse Green. It further negligently and/or wantonly failed to train the aforementioned Defendants to properly monitor, protect, and timely

provide medical assistance to Plaintiff and other similarly situated individuals. All Defendants negligently and/or wantonly failed to properly follow and/or apply their own facility's regulations, policies, and procedures, as well as state law generally. Defendant Centurion failed to properly train and supervise the actions of Defendant Nurse Green.

37. As a direct and proximate result of the Defendants' negligence, grossly negligent, reckless and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SIX
**VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAW UNDER 42 U.S.C. Section 1983 AND U.S.C. Section 1343 et al.**

38. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

39. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's right, took actions to deprive Plaintiff of his due process rights, equal protection rights, and conditions of confinement under the 4th, 8th, and/or 14th Amendments.

40. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT SEVEN
**DELAY/DENIAL OF ACCESS TO MEDICAL CARE**

41. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

42. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's medical condition, took actions to deprive Plaintiff of his rights to medical care despite repeated requests by Plaintiff for same.

43. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT EIGHT
## RECKLESS ENDANGERMENT

44. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

45. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's health condition, took actions that placed Plaintiff's life in danger due to the severe burn injury.

## COUNT NINE
## RECKLESS DISREGARD

46. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

47. Plaintiff would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiff.

## PRAYER FOR APPROPRIATE RELIEF

48. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

49. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has

suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

50. All Defendants are jointly and severally liable to the Plaintiff for the damages: severe burns to entire body, past, present and future pain and suffering, mental and emotional anguish, and all other damages to be proved at trial.

51. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein an amount to be determined by this Court.

52. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and other similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $$1,000,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tor Claims Act plus any recovery to be determined by a jury under any applicable state or federal law and guidelines.

Respectfully submitted, this the 13th day of February, 2020.

**TONY M. HOWARD, Plaintiff**

BY:   __/s/ Carlos E. Moore_____
       **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com
       cmoore@cochranfirm.com

<u>CERTIFICATE OF SERVICE</u>

    I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

    J. Chadwick Williams, Esq.
    cwill@ago.state.ms.us
    Special Assistant Attorney General
    Office of the Attorney General
    Civil Litigation Division
    P. O. Box 220
    Jackson, MS 39205
    *Attorneys for Defendant MDOC, Comm. Hall,*
    *SMCF, Supt. Errington, Capt. Evans, & Deputy Warden Mills*

    THIS, the 13th day of February, 2020.

                         __*/s/ Carlos E. Moore*_____
                         CARLOS E. MOORE, ESQ.