IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TONY M. HOWARD                                               PLAINTIFF

v.                                            CAUSE NO. 1:19CV543-LG-RHW

MISSISSIPPI DEPARTMENT OF
CORRECTIONS; et al                                          DEFENDANTS

## AMENDED MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [29] Motion to Dismiss filed by Defendants Mississippi Department of Corrections ("MDOC"); South Mississippi Correctional Institution ("SMCI"); Pelicia Hall, in her official capacity;[1] Superintendent Joe Errington, in his official capacity; Captain Sheneice Evans, in her individual and official capacities; and Deputy Warden Andrew Mills, in his individual and official capacities (collectively, "the state defendants"). The Motion argues that sovereign and qualified immunity forecloses many of Plaintiff's claims under federal law, and state law immunity similarly dooms his state law claims. The Motion is fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Defendants' Motion should be granted.

## I. BACKGROUND

Plaintiff Tony M. Howard is an inmate in the custody of MDOC and housed at the Central Mississippi Correctional Facility ("CMCF") in Rankin County, Mississippi.. On August 26, 2019, he filed the [1] Complaint in this matter, naming

---

[1] As of January 16, 2020, Pelicia Hall is no longer the Commissioner of MDOC. Tommy Taylor is the current Interim Commissioner of MDOC.

MDOC; SMCI; Pelicia Hall, in her official capacity; Superintendent Joe Errington, in his official capacity; Captain Sheneice Evans, in her individual and official capacities; Deputy Warden Andrew Mills, in his individual and official capacities; and Nurse Unknown Green, in her individual and official capacities, as defendants. In response to a prior Motion to Dismiss filed by the state defendants, Howard filed an [22] Amended Complaint, which added Centurion of Mississippi, LLC as a defendant.  The Amended Complaint makes the following allegations.

On August 3, 2018, while housed at SMCI, another inmate intentionally set Howard on fire using gasoline, a chemical mixture, and a cigarette lighter.  Howard immediately requested medical assistance for his burns and was taken to SMCI's medical facility.  While Howard was in the medical facility, Nurse Green refused to timely administer medications and instructed him to inject himself with medication. Defendants and other staff also verbally assaulted Howard.  He was subsequently taken to Green County Hospital[2] and then transferred to the Merit Health Central Hospital in Jackson, Mississippi.  His injuries were evaluated, and then he was taken to the Mississippi State Penitentiary Unit 29.

Howard asserts that Defendants failed to properly monitor inmates at SMCI, leading to his initial injury.  And after he was taken to the medical facility at SMCI, he says Defendants failed to acknowledge and address his need for medical assistance.  Howard maintains that these failures amounted to deliberate indifference and were the result of some policy by which the supervising defendants

---

[2] It is not clear from Plaintiff's allegations whether the SMCI medical facility is at Green County Hospital, or if these are separate places.

do not adequately train and supervise the subordinate defendants.  He makes negligence-based state-law claims and, invoking 42 U.S.C. § 1983,[3] claims that Defendants violated his Eighth and Fourteenth Amendment rights.  Howard seeks monetary damages and prospective injunctive relief.

On February 27, 2020, the state defendants filed ~~in~~ the instant [29] Motion to Dismiss.  The Motion argues (1) that MDOC and employees sued in their official capacities are immune from suit because MDOC arm of the State of Mississippi, (2) that SMCI is not a person amenable to suit under 42 U.S.C. § 1983, (3) that Captain Evans and Warden Mills are entitled to qualified immunity because Plaintiff does not allege that either Evans or Mills violated his constitutional rights, (4) that Plaintiff's state law claims are barred by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-9-(1)(m), and (5) that Plaintiff is not entitled to injunctive relief against Hall, Evans or Mills in their official capacities because he does not allege conduct by any of them amounting to a constitutional violation, let alone an ongoing constitutional violation.

In response, Howard concedes that he is barred from suing Defendants MDOC, SMCI, and Hall.  He contends, however, that his individual and official capacity claims against Evans and Mills should not be dismissed because (1) he seeks permissible injunctive relief against these defendants and (2) he has pleaded facts demonstrating that Evans and Mills exhibited deliberate indifference towards

---

[3] 42 U.S.C. § 1983 provides a cause of action for the violation of an individual's rights secured by the Constitution or laws of the United States by a person acting under color of state law.

Howard's health and safety.  Howard does not address the efficacy of his state law claims.

## II. DISCUSSION

### a. <u>Legal Standards</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  *Id.* at 664.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  In deciding a Rule 12(b)(6) motion, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff.  *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016).

A motion to dismiss pursuant to Rule 12(b)(1) should be granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "When ruling on the motion, the district court may rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir.), *cert. denied,* 138 S. Ct. 203 (2017) (citing

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  The burden of proof rests on the party asserting the existence of jurisdiction.  *Id.*  (citing *Ramming*, 284 F.3d at 161).

    b.  <u>Plaintiff Concedes That His Claims Against MDOC, SMCI, and Hall Should be Dismissed for Lack of Subject Matter Jurisdiction</u>

Howard concedes that sovereign immunity prevents this Court from exercising jurisdiction over his claim against Defendants MDOC, SMCI, and Hall.  Although he does not mention Defendant Errington, Howard makes only official capacity § 1983 claims against him (like Howard does against Hall).  Accordingly, claims against these defendants will be dismissed for lack of subject matter jurisdiction.  *See Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

    c.  <u>Plaintiff's Claims Against Evans and Mills, in Their Official Capacities, Are Also Barred by Sovereign Immunity</u>

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court unless the state has waived its sovereign immunity or Congress has explicitly abrogated it." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 11 (1890); *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1335 (5th Cir. 1994)).  Congress has not abrogated state sovereign immunity under 42 U.S.C. § 1983.  *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 339-40 (1979); *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997)).  And the State of Mississippi has not waived sovereign immunity for lawsuits filed in federal court.  *See* Miss. Code Ann.

§ 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

"The Eleventh Amendment also 'generally precludes actions against state officers in their official capacities." *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (quoting *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004)). This is because "a suit against a state official in his or her official capacity … is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, an exception to this general rule has been carved out for suits against state officers in their official capacity that seek injunctive relief for violations of federal law. *Id.* n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Ex Parte Young*, 209 U.S. 123 (1908)).

Howard implicitly concedes that his request for monetary damages against Evans and Mills, in their official capacities, is barred by sovereign immunity, but he argues that his request for prospective injunctive relief fits within the contours of the *Ex Parte Young* exception to the general prohibition on actions against state officers in their official capacities. The Court disagrees.

The "precise exception to the general rule against suing states in federal fora" does not apply in all circumstances in which prospective injunctive relief is sought. *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (en banc). The *Young* exception only applies when the defendant state official either continues to violate federal law, *Green v. Mansour*, 474 U.S. 64, 71 (1985), or threatens to act in a way

that violates federal law, *Okpalobi*, 244 F.3d at 416.  But Howard does not allege Evans and Mills have continued to violate his constitutional rights or have threatened to do so in the future.  Rather, he alleges that their prior conduct violated his constitutional rights and "requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, or nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of this Court."  (Am. Compl. 5-6, ECF No. 22.)  These allegations do not entitle Howard to injunctive relief under *Young*.  His official capacity claims against Evans and Mills will be dismissed for lack of subject matter jurisdiction.

### d. Evans and Mills Are Entitled to Qualified Immunity From Claims Against Them in Their Individual Capacities

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  Accordingly, a government official is entitled to immunity from suit unless (1) Plaintiff has made allegations sufficient to show a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct.  *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[4]  *Helling v. McKinney,* 509 U.S. 25, 31 (1993).  Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other prisoners or prison staff.  *Hill v. Thomas,* 326 F. App'x 736, 736 (5th Cir. 2009); *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995).  Prison officials must also ensure that inmates receive adequate medical care.  *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).  To prevail on a claim that prison officials violated either of these Eighth Amendment rights, the plaintiff must establish "that he [was] incarcerated under conditions posing a substantial risk of serious harm" and that the prison official's state of mind towards inmate's health or safety was one of "deliberate indifference."  *Id.* at 834.

A prison official exhibits deliberate indifference when the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  Thus, establishing an Eighth Amendment violation requires that a prisoner prove (1) an "objective exposure to a substantial risk of serious harm," (2) the prison official's subjective knowledge of that risk, and (3) the prison official's disregard for that risk.  *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006).

---

[4] The Eighth Amendment is made applicable to the State of Mississippi and its agencies by virtue of the Due Process Clause of the Fourteenth Amendment.  *Wilson v. Seiter,* 501 U.S. 294, 296-97 (1991).

Howard makes no allegations about the specific conduct of Defendants Evans and Mills.  He says that another inmate set him on fire and, afterwards, he received inadequate medical treatment and verbal abuse from Nurse Green.  He says that all defendants failed to properly monitor inmates at SMCI and that all defendants failed to meet his needs for medical assistance.  These allegations do not suffice to state an Eighth Amendment claim against Evans or Mills.  When a government official raises the defense of qualified immunity to a Section 1983 claim, the plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not particularly within the knowledge of the defendants." *Schultea v. Wood,* 47 F.3d 1427, 1432 (5th Cir. 1995) (en banc).  The plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury."  *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999). Indeed, defendants can only be held liable for their own actions or inactions under 42 U.S.C. § 1983; liability may not be found by way of a respondeat superior theory. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010).  Because Howard's Amended Complaint does not contain any factual allegations about actions taken or forwent by Evans or Mills, he has failed to state a §1983 claim against them, and they are entitled to qualified immunity.[5]

---

[5] Moreover, insofar as Howard's medical care claims are concerned, Evans and Mills, who are not medical professionals, have "no authority or responsibility to evaluate patients or order any type of medical treatment."  *Hunt v. Barry Telford Unit, TDCJ*, No. 5:15CV152, 2017 WL 1100721, at *5 (E.D. Tex. Mar. 24, 2017).

e.  <u>The MTCA Bars Howard's State Law Claims Against Evans and Mills</u>

The MTCA "covers actions for personal injuries caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment.*"  *Wilcher v. Lincoln Cty. Bd. of Supervisors & City of Brookhaven, Miss.*, 243 So. 3d 177, 185 (Miss. 2018) (emphasis in original) (internal quotation marks omitted).

> [I]f an employee was acting within the scope of his employment, then he cannot be individually sued. Instead, the plaintiff must sue the government employer . . . .  Conversely, if an employee was acting outside the scope of her employment, then the plaintiff can only sue her individually.  The government employer cannot be sued, and the *MTCA . . . do[es] not apply.*

*Id.* at 186 (emphasis in original) (citations omitted); *see* Miss. Code Ann. § 11-46-5. This waiver of sovereign immunity is limited, however.  Numerous exceptions reinstate immunity, including, as applicable here, claims brought by an individual who was incarcerated at the time the claim arose.  *See* Miss. Code Ann. § 11-46-9(1)(m)  (excluding governmental liability for the claim "[o]f any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.")

Howard's allegations do not even hint – let alone establish – that Evans and Mills acted outside the course and scope of their employment.[6]  The MTCA therefore

---

[6] And as previously mentioned, Howard's allegations do not mention any conduct specifically undertaken by either Evans or Mills.

applies, and bars Howards state law claims against Evans and Mills.[7]  These claims

will be dismissed.

### III. CONCLUSION

Sovereign immunity bars Plaintiff's § 1983 claims against MDOC, SMCI, and

Hall, Errington, Evans, and Mills, in their official capacities.  Evans and Mills are

also entitled to qualified immunity on Plaintiff's § 1983 claims against them in their

individual capacities.  Similarly, the MTCA bars Plaintiff's state law claims against

Evans and Mills.  His claims against the state defendants will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Motion to

Dismiss filed by Defendants Mississippi Department of Corrections; South

Mississippi Correctional Institution; Pelicia Hall, in her official capacity;[8]

Superintendent Joe Errington, in his official capacity; Captain Sheneice Evans, in

her individual and official capacities; and Deputy Warden Andrew Mills, in his

individual and official capacities is **GRANTED**.  Plaintiff's § 1983 claims against

MDOC, SMCI, Hall, Errington, and Evans and Mills in their official capacities, are

**dismissed without prejudice** for lack of subject matter jurisdiction.  Plaintiff's

individual capacity § 1983 claims against Evans and Mills and state law claims

against MDOC, SMCI, Hall, Errington, Evans, and Mills are **dismissed with**

**prejudice**.

---

[7] Although it is not entirely clear whether Howard contends that his state law claims can persist against Hall, Errington, SMCI, or MDOC, the Court notes that the MTCA would bar claims against these defendants as well.

[8] As of January 16, 2020, Pelicia Hall is no longer the Commissioner of MDOC. Tommy Taylor is the current Interim Commissioner of MDOC.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2020.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE